# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY

<u>NOT FOR PUBLICATION</u>

| | |
|---|---|
| HARRY G. PAGOULATOS, et al<br>    Plaintiff,<br>v.<br>BRIGHT MOUNTAIN MEDIA, INC.,<br>et al<br>    Defendants. | Civil Action No.<br><br>2:18-cv-11357-ES-SCM<br><br>**ON PLAINTIFFS' MOTION TO ENFORCE SETTLEMENT**<br><br>**[D.E. 29]** |

## <u>REPORT AND RECOMMENDATION</u>

STEVEN C. MANNION, United States Magistrate Judge.

Before this Court is Plaintiffs Harry Pagoulatos, George Rezitis, and Angelos Triantafillou's (collectively "Plaintiffs") motion to enforce settlement.[1] Defendants Bright Mountain Media Inc. and W. Kip Speyer (collective "Bright Mountain Defendants") filed an opposition.[2] The Honorable Esther Salas, U.S.D.J., referred this motion to the undersigned for a report and recommendation.[3] Upon consideration of the parties' submissions, the oral argument held on July 24, 2019, and for the reasons stated below, it is respectfully recommended that the motion to enforce settlement be denied, this matter be reopened, and Bright Mountain Defendants shall file a new notice for their motion to dismiss.

---

[1] (ECF Docket Entry ("D.E.") 29, Pls.' Mot. to Enforce Settlement). Unless indicated otherwise, the Court will refer to documents by their docket entry number and the page number assigned by the Electronic Case Filing System.

[2] (D.E. 30, Defs.' Opp'n).

[3] *See* L. Civ. R. 72.1(a)(2).

I. **BACKGROUND AND PROCEDURAL HISTORY**[4]

This action arises from Plaintiffs' allegations that they entered into an agreement with Bright Mountain Defendants, wherein Bright Mountain Defendants owed duties and obligations to properly fund the operations of Daily Media.[5] Mr. Pagoulatos and Mr. Rezitis formed Daily Media, an internet advertising company, which Mr. Triantafillou invested money.[6] Plaintiffs allege that Mr. Speyer promised working capital to assist Plaintiffs in growing Daily Media and Plaintiffs relied on Mr. Speyer's representations.[7] Plaintiffs assert that they negotiated contracts with Bright Mountain Defendants for the business and agreed upon the purchase price of $5,000,000.00, but upon selling the business the purchase price diminished to $400,000.00.[8]

Plaintiffs filed this breach of contract action in this District Court on July 3, 2018.[9] Prior to service being effected, Bright Mountain Defendants sought temporary restraints against Plaintiffs in a Florida state court ("Florida Action"), and Plaintiffs removed it to the United States District Court for the District of Southern Florida.[10] The Florida Action is stayed pending this District Court's matter.[11]

---

[4] The allegations set forth within the pleadings and motion record are relied upon for purposes of these motions only. The Court has made no findings as to the veracity of the parties' allegations.

[5] (D.E. 1, Compl., at ¶¶ 50–51).

[6] (*Id.*, at ¶¶ 9–11).

[7] (*Id.*, at ¶¶ 16–23).

[8] (D.E. 19, Disc. Plan, at 4).

[9] (D.E. 1, Compl.).

[10] (D.E. 29-1, Pls.' Mot. Br., at 4; D.E. 30, Defs.' Opp'n Br., at 2).

[11] (D.E. 29-1, Pls.' Mot. Br., at 4; D.E. 30, Defs.' Opp'n Br., at 2).

In lieu of an answer, Bright Mountain Defendants filed a motion to dismiss for lack of subject matter jurisdiction, lack of personal jurisdiction and improper venue, and failure to state a claim, pursuant to Federal Rules of Civil Procedure 12(b)(1) through (3) and 12(b)(6).[12]

On January 24, 2019, the Court held the initial pre-trial conference and issued a pre-trial scheduling order.[13] On April 12, 2019, the Court held a telephone conference to discuss settlement. The parties settled the matter and placed terms on the record. The terms on the record consisted of confidentiality and a 60-day order.[14] Judge Salas issued a 60-day Order Administratively Terminating Action, ordering that pending motions are administratively terminated, and the parties had 60 days to file all papers necessary to dismiss the action or request that the action be reopened.[15] On May 28, 2019, counsel called the Court to advise of issues in consummating the settlement, and the Court extended the 60-day order by seven days and scheduled a follow-up telephone conference.[16] On June 10, 2019, counsel advised that the dispute regarding the settlement persisted, and the Court ordered the parties to move to enforce the settlement within ten days.[17]

## II.   LEGAL STANDARD

A federal court sitting in diversity must apply the substantive law of the forum state in

---

[12] (D.E. 8, Defs.' Mot. to Dismiss).

[13] (D.E. 24, Sch. Order).

[14] (D.E. 29, Pls.' Mot., at Ex. L, at 2:15–3:4).

[15] (D.E. 26, Order).

[16] (D.E. 27, Text Order).

[17] (D.E. 28, Text Order).

deciding questions pertaining to the construction and enforcement of contracts.[18] Under New Jersey law, a settlement agreement between parties to a lawsuit is itself a contract that is separate and independent from the underlying dispute.[19] New Jersey public policy favors settlements.[20] Courts will therefore "strain to give effect to the terms of a settlement wherever possible."[21]

Traditional contract law rules provide that a contract arises from the manifest intentions of the parties to engage in an offer and acceptance of sufficiently definite essential terms.[22] "An agreement to settle a lawsuit, voluntarily entered into, is binding upon the parties, whether or not made in the presence of the court, and even in the absence of writing."[23] The burden is on the moving party to establish that the parties entered into a contract of settlement.[24] "[W]here a contract of settlement is actually held to exist . . . the party seeking to vacate the settlement must

---

[18] *See LNT Merch. Co. v. Dyson, Inc.*, No. 08-2883, 2009 WL 2169236, at *1 (D.N.J. July 21, 2009) (citing *Erie R. Co. v. Tompkins*, 304 U.S. 64, 78 (1938); *Cooper Labs. v. Int'l Surplus Lines Ins. Co.,* 802 F.2d 667, 672 (3d Cir. 1986); *Excelsior Ins. Co. v. Pennsbury Pain Ctr.,* 975 F. Supp. 342, 348–49 (D.N.J. 1996)).

[19] *Payer v. Berrones*, No. 12-1704, 2015 WL 4715953, at *2 (D.N.J. Aug. 7, 2015) (internal citation omitted); *Pac. All. Grp. Ltd. v. Pure Energy Corp.*, No. 02-4216, 2006 WL 166470, at *2 (D.N.J. Jan. 23, 2006) (citing *Cooper-Jarrett, Inc. v. Cent. Transp., Inc.,* 726 F.2d 93, 96 (3d Cir. 1984)).

[20] *Longo v. First Nat. Mortg. Sources*, 523 F. App'x. 875, 878 (3d Cir. 2013) (citing *Nolan v. Lee Ho,* 120 N.J. 465, 472 (1990)).

[21] *McDonnell v. Engine Distribs.*, No. 03-1999, 2007 WL 2814628, at *3 (D.N.J. Sept. 24, 2007) (quoting *Dep't of Pub. Advocate, Div. of Rate Counsel v. New Jersey Bd. of Pub. Utilities*, 206 N.J. Super. 523, 528 (App. Div. 1985)), *aff'd*, 314 F. App'x 509 (3d Cir. 2009)

[22] *Longo*, 523 F. App'x. at 878.

[23] *Green v. John H. Lewis & Co.*, 436 F.2d 389, 390 (3d Cir. 1970).

[24] *LNT Merch. Co.*, 2009 WL 2169236, at *2.

show compelling circumstances."[25] "In general, settlement agreements will be honored 'absent a demonstration of fraud or other compelling circumstances.' . . . Before vacating a settlement agreement, our courts require 'clear and convincing proof' that the agreement should be vacated."[26]

### III.   DISCUSSION AND ANALYSIS

"The law is well settled that a district court has jurisdiction to enforce a settlement agreement entered into by litigants in a case pending before it."[27] "Such jurisdiction is founded on the policy that favors the amicable adjustment of disputes and the avoidance of costly and time-consuming litigation."[28] Here, Judge Salas's Order administratively terminating the action did not constitute a dismissal order,[29] and Plaintiffs filed the instant motion within the designated time.[30] The Court has jurisdiction to enforce an agreement reached by the parties.

Plaintiffs have not satisfied their burden of establishing that an enforceable settlement contract exists. The Court finds that the parties did not manifest an intent to be bound by the same material terms. Assent to the terms of a contract are not viewed subjectively, but rather by the

---

[25] *Bowles v. New York Liberty*, 11-3529, 2014 WL 7148916, at *2 (D.N.J. Dec. 15, 2014) (quoting *Amatuzzo v. Kozmiuk*, 305 N.J. Super. 469, 475 (App. Div. 1996)).

[26] *Nolan*, 120 N.J. at 472 (first quoting *Pascarella v. Bruck*, 190 N.J. Super. 118, 124 (App. Div. 1983); then quoting *DeCaro v. DeCaro*, 13 N.J. 36 (1953)).

[27] *Pugh v. Super Fresh Food Markets, Inc.*, 640 F. Supp. 1306, 1307 (E.D. Pa. 1986) (quoting *Rosso v. Foodsales, Inc.*, 500 F.Supp. 274, 276 (E.D. Pa. 1980)).

[28] *Id.*

[29] (D.E. 26, Order).

[30] (*See* D.E. 28, Text Order ("If the dispute is not resolved, the parties have 10 day to move to enforce the terms of settlement.")).

parties outward expressions of assent.[31] A settlement agreement "arises from the manifest intentions of the parties to engage in an offer and acceptance *of sufficiently definite essential terms*."[32] These terms must "be sufficiently definite [so] that the performance to be rendered by each party can be ascertained with reasonable certainty."[33] If the parties fail to agree on one or more of the essential terms, "courts generally hold that the agreement is unenforceable."[34] This is the case here—at least one essential term is at issue.

There does not appear to be a dispute concerning the amount of the settlement. However, there is a dispute concerning the timing and source of that payment. Plaintiffs contend that the parties agreed to the simultaneous exchange of documents and disbursement of funds. Bright Mountain Defendants disagree and argue that Plaintiffs needed to immediately turn over the Bright Mountain Media stock they had been issued so that Bright Mountain Defendants could sell the stock in order to raise the funds to pay the settlement proceeds to Plaintiffs. Bright Mountain Defendants believed that the selling of the stock would take up to 150 days.[35] An immediate disbursement of funds versus a maximum five-month disbursement is a drastic disparity. Simply, the parties did not agree on a time for pay-out and from what source.

Although the parties had some sort of oral agreement with a formal written contract to be executed subsequently, there was no meeting of the minds as to the timing of payment, which impacts the source of payment, and Plaintiffs do not appreciate the materiality of that term.

---

[31] *Morales v. Sun Constructors, Inc.*, 541 F.3d 218, 221 (3d. Cir. 2008).

[32] *Excelsior Ins. Co. v. Pennsbury Pain Ctr.*, 975 F. Supp. 342, 349 (D.N.J. 1996).

[33] *GMAC Mortgage, LLC v. Willoughby*, 230 N.J. 172, 185 (2017) (alternation in original) (quoting *Weichert Co. Realtors v. Ryan*, 128 N.J. 427, 435 (1992)).

[34] *Weichert Co. Realtors*, 128 N.J. at 435.

[35] (D.E. 29, Pls.' Mot., at Ex. P).

Plaintiffs fail to identify any documentation to evince that the parties *agreed* to simultaneous execution of documents and disbursement of funds. Although Plaintiffs provide emails that occurred prior to April 12, 2019, wherein Plaintiffs assert that they will need a check, not another promise, there is no direct evidence demonstrating that Bright Mountain Defendants accepted this term. The status of negotiations months prior to counsel's representations on the record that the matter settled is inconsequential. Those were negotiations, not statements of settlement. Plaintiffs also supply correspondences between counsel that occurred after they placed the settlement on the record. These emails do not demonstrate that the parties reached an agreement, but instead indicate that negotiations were ongoing regarding timing.

Unhelpfully, the parties submit conflicting certifications regarding each party's understanding of the agreement. Mr. Pagoulatos certifies that he did not agree to a settlement with a subsequent payment, and he made it very clear to Mr. Speyer that "there was to be, in effect, a simultaneous exchange of documents and a check."[36] On the other hand, Mr. Speyer certifies that "[a]t no time did I ever represent to Pagoulatos that [Bright Mountain Media] would provide a simultaneous exchange of a check for the execution of the written settlement agreement."[37]

The assertion of a need for a check is not synonymous with the simultaneous execution of documents and payment. The Court finds peculiar Mr. Pagoulatos' use of "in effect" in his certification when describing his conversation with Mr. Speyer about his need for a check. This language suggests that Plaintiffs did not convey to Bright Mountain Defendants their apparent essential term of settlement—simultaneous execution of documents and payment.

The parties went on the record on April 12, 2019, thinking and acting as if all essential

---

[36] (D.E. 29, Pls.' Mot., at Ex. Q, at ¶¶ 4, 8).

[37] (D.E. 30-1, Speyer Decl., at ¶ 6).

7

terms of the settlement had been agreed to. Due to confidentiality, the form and not the substance of the purported settlement was placed on the record, suggesting that the parties achieved settlement. Unfortunately, settlement was not reached. Although parties may think and act like they reached an agreement, "the recipe for the making of a binding contract requires if not absolute definiteness and certainty on essential terms, at least expressions of assent sufficient to permit reasonable implications to be drawn as to the performance to be rendered."[38]

The Court determines that the parties did not agree on all essential terms, and at least one essential term remains in dispute. The Court is unable to reasonably imply the performance of the agreement without the essential term of timing. Enforcing this settlement without a definite time or schedule could lead to unyielding results. Without this essential term, the parties' performance and obligations under the settlement are open and without reasonable certainty. Although the parties appear to also dispute the inclusion of a forum selection clause in the settlement agreement, which Bright Mountain Defendants argue is a material term,[39] the Court need not address this disputed term because of the issue with timing. The Court may not rewrite the settlement agreement for the parties.[40]

## IV.    CONCLUSION

For the reasons articulated herein, the undersigned respectfully recommends that Plaintiffs' motion to enforce settlement be **DENIED**, that this matter be reopened, and Bright Mountain Defendants shall file a new notice of motion for their motion to dismiss. The parties have fourteen

---

[38] *Heim v. Shore*, 56 N.J. Super. 62, 72 (App. Div. 1959).

[39] (D.E. 30, Defs.' Opp'n, at 12-13).

[40] *See Kieffer v. Best Buy*, 205 N.J. 213, 223 (2011).

8

(14) days to file and serve any objections to this Report and Recommendation.[41] The District Court need not consider frivolous, conclusive, or general objections.[42]



Honorable Steve Mannion, U.S.M.J.
United States District Court,
for the District of New Jersey
phone: 973-645-3827

9/3/2019 9:36:50 AM

Original: Clerk of the Court
Hon. Esther Salas, U.S.D.J.
cc: All parties
    File

---

[41] 28 U.S.C. § 636; L. Civ. R. 72.1(c)(2).

[42] *See Battle v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987).

9